IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
17 AUG 29 PM 12: 14
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ AD
             CLERK

ALEXANDRU BITTNER and SHERRY
BITTNER,
        Plaintiffs,

-vs-

INTERNAL REVENUE SERVICE,
        Defendant.

CAUSE NO.:
A-15-CA-01209-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically the Internal Revenue Service (IRS)'s Motion for Summary Judgment [#16], the Supplemental Declarations of Gail Minauro and Christopher Valvardi [##23, 24], Plaintiffs Alexandru Bittner and Sherry Bittner (the Bittners)' Response [#27] in opposition, and the IRS's Reply [#32] in support; the Bittners' Cross-Motion for Summary Judgment [#27], the IRS's Response [#32] in opposition, and the Bittners' Reply [#34] in support; and the Magistrate Judge's Report and Recommendation [#52]. All matters in this case were referred to United States Magistrate Judge Mark Lane for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following orders.

This is a Freedom of Information Act (FOIA) case. On September 8, 2015, the Bittners submitted a FOIA request seeking documents from the IRS. The Bittners specifically requested:



A copy of the administrative file regarding the 2002–2004 and 2006–2011 income tax and Report of Foreign Bank and Financial Accounts examination of Alexandru and Sherry Bittner, conducted by Revenue Agents Cherry Mayberry Jones and Anh Reach and International Examiner Holly Bishop.

Pl.'s Resp. [#27-2] Ex. B-1 (FOIA Request) at 6. The Bittners later clarified the IRS "d[id] not need to provide us with copies of anything that Taxpayers [the Bittners] have previously provided to the IRS examiner." Def.'s Mot. Summ. J. [#16-3] Ex. 3 (Perera Email).

The IRS requested two extensions to respond to the Bittners' request. Eventually, the Bittners filed suit on December 22, 2015.[1] See Compl. [#1]. While this suit was pending, the IRS produced in response to the Bittners' request 3,845 pages in full and 358 pages in part. It withheld 1116 pages in full, claiming the withheld documents met the exemption requirements, including the exemptions under 5 U.S.C. §§ (b)(7)(A) and (b)(5).

Then, on August 16, 2016, the IRS moved for summary judgment, arguing it fulfilled its obligations in responding to the Bittners' request. On December 20, 2016, the Bittners responded and filed a cross-motion for summary judgment in which the Bittners contend the IRS improperly narrowed the scope of the Bittners' request and erroneously claimed exemptions from disclosure. At issue in these motions was the meaning and scope of "administrative file" in the Bittners' request and whether certain documents sought fell within the scope of the request.

The Magistrate Judge held two hearings to address the parties' cross-motions for summary judgment. Following the first hearing held on May 3, 2017, the Magistrate Judge ordered the IRS to search for and produce certain emails related to the 2002–2004 and 2006–2011 income tax and Report of Foreign Bank and Financial Accounts examination of the

---

[1] The Bittners are also involved in an underlying dispute with the IRS concerning their tax liability for a period of time when the Bittners resided outside the United States. The Service recently concluded its examination, finding the Bittners are responsible for over $20 million in tax liability. Though the Bittners have made clear in this lawsuit they do not believe the IRS treated them fairly in the underlying examination, the IRS's actions in that examination are not at issue in this lawsuit. The only issue before the Court is whether the IRS adequately complied with the Bittners' FOIA request.

Bittners. In response to this order, the IRS notified the Magistrate Judge of its substantial compliance with this order, but indicated it was unable to produce emails from Bob Davis or Johnny Johnson because they had experience hard drive failures in 2015 and 2016, respectively.

The Magistrate Judge also ordered the Service to produce a log of withheld or redacted documents that included a description of the document, the basis for the exemption, and the reasons that disclosure would interfere with the examination. In response, the IRS produced a *Vaughn* index to the Bittners, which identified the pages withheld, whether they were withheld in full or in part, a description of the pages, the claimed FOIA exemptions, and a basis for the exceptions and the reasons disclosure would interfere with the examination.

Following this production, the Bittners remained dissatisfied. They contend, among other things, that the IRS's explanation as to hard drives failures of Mr. Davis and Mr. Johnson is deficient and exemption (b)(7)(A) no longer applies. Moreover, the Bittners ask the Court to review some of the withheld documents to assess whether certain exemptions were properly applied, and they continue to seek the deposition of Agent Anh Reach, who was conducting the examination of the Bittners.

The Magistrate Judge held a second hearing on July 21, 2017, to address the parties' outstanding issues. After hearing the parties' arguments, the Magistrate Judge concluded the IRS completed a reasonable search, it properly withheld documents under the claimed exemptions, additional discovery is not warranted, and the IRS did not act in bad faith in responding to the Bittners' request. He therefore recommended the Court grant IRS's motion for summary judgment and deny the Bittners' cross-motion for summary judgment.

A party may serve and file specific, written objections to the proposed findings and recommendations of the magistrate judge within 14 days after being served with a copy of the

report and recommendation, and thereby secure a *de novo* review by the District Court. 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b). A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in a Report and Recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

The parties were properly notified of the consequences of a failure to file objections. The record reflects that the parties received the Report and Recommendation by July 31, 2017, making objections due by August 14, 2017. To date, no party has filed objections to the findings of fact and conclusions of law in the report. Having thoroughly reviewed the entire record and finding no plain error, the Court accepts the Magistrate Judge's Report and Recommendation filed for substantially the reasons stated therein.

Accordingly,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation [#52] is ACCEPTED;

IT IS FURTHER ORDERED that the IRS's Motion for Summary Judgment [#16] is GRANTED; and

IT IS FINALLY ORDERED that the Bittners' Cross-Motion for Summary Judgment [#27] is DENIED.

SIGNED this the 29th day of August 2017.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE